## FARMERS' STATE BANK OF DONNA v. VALLEY MOTORS CO. (No. 6849.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1922.)

**1. Appeal and error ⬅1011(1)—Finding on conflicting testimony not disturbed.**

In a suit to foreclose a chattel mortgage on certain automobiles, whether part of the automobiles had been sold under circumstances showing that the mortgagee waived its lien, being a question of fact upon which the testimony was conflicting, a finding of the court thereon will not be disturbed on appeal.

**2. Chattel mortgages ⬅283—Foreclosure on last only of series of mortgages held proper, where prior mortgages invalid.**

Where a bank loaned money to a motor company, taking chattel mortgages as security, and all excepting the last mortgage were ineffectual because the property was insufficiently described and could not be identified, a judgment foreclosing the last mortgage only was proper where such mortgage contained a sufficient description.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by the Farmers' State Bank of Donna against the Valley Motors Company to recover upon certain notes and to foreclose chattel mortgage liens. From a judgment for the amount sued for and for foreclosure under only one of the mortgages, plaintiff appeals. Affirmed.

Weaver & Carroll, of Donna, for appellant. Canales, Davenport & West, of Brownsville, for appellee.

SMITH, J. The Farmers' State Bank of Donna brought this action against the Valley Motors Company to recover upon three promissory notes, aggregating $4,396.92, and to foreclose chattel mortgage liens reserved in seven different chattel mortgages upon certain automobiles. The cause was tried before the court without a jury, and judgment was rendered for the bank against the motors company for the amount sued for, and foreclosing under only one of the mortgages, being the last one executed. The bank has appealed, complaining of the refusal of the trial court to foreclose the lien reserved in the remaining six mortgages, which is the only question presented here.

The motors company was engaged in buying, selling, and repairing automobiles at its place of business a few doors distant from appellant's bank in Donna, and in the spring of 1920 made arrangements with the bank to finance it in its operations. Under this arrangement the bank made its first loan to the motors company on April 20, 1920, in the sum of $1,500, for which the latter gave its note, together with a chattel mortgage on a certain Chandler automobile therein described. The mortgage was made to secure not only the note but all future indebtedness of the motors company to the bank, and covered not only the automobile specifically described but "also all of the natural increase on such property, also all of the additions and improvements upon any of the property hereinbefore described," which was the one automobile. It was further expressly provided in the mortgage that no—

"changes or releases or renewals, or the taking of additional security shall in any way waive, relinquish, or affect the liens created by this instrument, and all of the liens created by this instrument shall continue in full force and effect to secure the payment of all the indebtedness hereinbefore referred to, whether said indebtedness shall be evidenced by the same notes or by renewal notes," etc.

On May 6, May 26, June 12, and August 12, 1920, and January 29, and June 10, 1921, other chattel mortgages with identical general provisions were likewise executed, to secure debts particularly set out in the respective instruments, and covering variously described automobiles. Each such instrument was made to secure all the indebtedness existing at the time. In none of the instruments was any reference made to any preceding mortgage, but the evidence showed that each was a renewal of its predecessor. In the last mortgage executed three automobiles were described, and the lien on these three cars was foreclosed, and judgment was rendered in favor of appellant for the amount then alleged to be due it by appellee. The court found as a fact that in all the mortgages prior to the one of January 29, 1921, the cars sought to be therein mortgaged were not sufficiently described to permit of their

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

identification without the aid of extrinsic evidence, and that the evidence upon the trial was "insufficient to identify the automobiles actually so mortgaged." No complaint is made in appellant's brief of these findings of fact. The mortgage of January 29, 1921, covered four automobiles, and the court found that in this instrument the cars were for the first time so described that they could be identified, which finding is not challenged here.

[1] The court also concluded as a matter of law, although it was a question of fact in this case, that two of these four cars were sold by the motors company under circumstances which showed that the bank waived its lien on them. This conclusion or finding is challenged by appellant but the most that may be said of it in appellant's behalf is that it was a question of fact in respect of which the testimony conflicted, and which was resolved against appellant and may not be disturbed on appeal. The other two cars covered by this mortgage were included in the mortgage of June 10, 1921, which was fully foreclosed in this proceeding.

[2] The case presented here, then, is simply this: The first five mortgages, even if not superseded by the sixth for all purposes, were ineffectual because the property therein sought to be subjected to the lien was insufficiently described in the mortgage and could not be identified upon the trial, while the property covered by the subsequent mortgage was either included in the judgment of foreclosure, or the lien thereon was waived by the acts and conduct of the mortgagee. This being the case, the trial court could have rendered no other judgment than that entered and appealed from.

Appellant has raised a number of abstract questions of law, but no matter what disposition may be made of those questions, they could not affect the judgment, which must be affirmed.